UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMONDA SINGLETON,<br><br>         Plaintiff,<br><br>v.<br><br>JUSTICE SYSTEM; EMPLOYMENT DEVELOPMENT DEPARTMENT, et al.,<br><br>         Defendants. | Case No.: 3:25-cv-2750-JES-MSB<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**<br><br>**[ECF No. 2]** |

  On October 16, 2025, Plaintiff Raymonda Singleton, proceeding pro se, filed a Complaint and an accompanying Motion to Proceed In Forma Pauperis ("IFP"). ECF Nos. 1, 2. Upon review, the Court **GRANTS** Plaintiff's IFP request and **DISMISSES** Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### I. Motion to Proceed IFP

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

//
//
//
//

1

$405.[1] *See* 28 U.S.C. § 1914(a). Upon a showing of an inability to pay, a party may proceed, IFP, without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). The determination of indigency and thus whether to grant an IFP application is left to the discretion of the district court. *See Cal. Men's Colony, Unit II Men's Adv. Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for the costs … and still be able to provide [for herself] and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Here, in support of Plaintiff's IFP request, she reports in her affidavit a monthly disability income of $1189.00, $12.00 in her checking account, a vehicle worth $1500.00, and monthly expenses totaling $1307.00. ECF No. 2. Upon review of Plaintiff's IFP application, the Court finds that she has sufficiently shown that she is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## II. Screening Under 28 U.S.C. § 1915(e)

When reviewing an IFP application, district courts must screen the complaint to ensure it states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To survive screening, all complaints must include a "short and plain statement of the claim

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, section 14 (eff. Dec. 2020)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (recognizing that a complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he pleading standard … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Thus, the "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.* at 679; *see Moss v. U. S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The Court is unable to discern from Plaintiff's Complaint the basis for her claims or what the legal basis is for any claim against any defendant. She lists in the heading of the Complaint "Defamation of Character, Direct Attacts [sic] on Mental Stability, Allowing Biasness [sic] Implementing Exact Reasons for and behind Claim." ECF No. 1 at 1. She appears to vaguely allege that she may have been terminated improperly but does not tie that to any specific named defendant. *Id.* at 2-3. Overall, her allegations are not coherent such that the Court can find that she plausibly states a claim and the Court must screen her Complaint under § 1915(e).

//
//

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's IFP request and **DISMISSES** her Complaint pursuant to 28 U.S.C. § 1915(e). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 22, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge